UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lynk Media LLC,<br><br>Plaintiff,<br><br>v.<br><br>Interactive One, LLC, d/b/a Cassius Life<br><br>Defendant. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMAND |

Plaintiff Lynk Media LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Interactive One, LLC d/b/a Cassius Life ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Oliya Fedun ("Fedun") is a prominent freelance video journalist, producer, and the founder of FNTV, a highly regarded New York City-based news-wire service. A versatile global entrepreneur, her accomplishments span international journalism and entertainment. Fedun's front-line war reporting from Ukraine and coverage of major world crises have been published by top global media outlets. Her diverse portfolio also includes launching the Loliland enterprise, touring as an opening DJ for Tommy Lee, and appearing on networks like HBO and E! Entertainment.

3. Fedun created a Video of a protest in Chicago (the "*Video*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

4. Upon information and belief, Defendant is a Delaware limited liability company headquartered in New York. The company operates as a prominent digital media entity specializing in the creation, marketing, and distribution of premium digital content targeting

multicultural and millennial audiences. Through its lifestyle brand Cassius Life, Defendant publishes news, culture, and lifestyle media, monetizing its platforms through digital advertising, data gathering, and targeted commercial marketing campaigns nationwide.

5. As a key part of its business and brand, Defendant owns and operates a website at cassiuslife.com and (the "*Website*").

6. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Video on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

7. Plaintiff Lynk Media LLC is New York limited liability company with a principal place of business in Queens County, New York.

8. Upon information and belief, defendant Interactive One, LLC, is a Delaware limited liability company with a principal place of business at 4 NY Plaza, New York in New York County, New York.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

11. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

**A. Plaintiff's Copyright Ownership**

12. Plaintiff is a professional Videography company by trade who is the legal and rightful owner of certain Videos which Plaintiff commercially licenses.

13. Plaintiff has invested significant time and money in building Plaintiff's Video

SLG SANDERS · LAW GROUP ·

portfolio.

14. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's Videos while many others are the subject of pending copyright applications.

15. Plaintiff's Videos are original, creative works in which Plaintiff owns protectable copyright interests.

16. On September 6, 2025, Plaintiff first published the Video. A screengrab of the Video is attached hereto as Exhibit 1.

17. In creating the Video, Fedun personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the video recording and made each and every artistic determination necessary for the creation of the work.

18. On November 8, 2025, the Video was registered by the USCO under Registration No. PA 2-568-620.

19. Fedun created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

20. Plaintiff acquired the rights in and to the video by way of a valid written transfer agreement.

**B. Defendant's Infringing Activity**

21. Defendant is the registered owner of the Website and is responsible for its content.

22. Defendant is the operator of the Website and is responsible for its content.

23. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

24. The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant profits from these activities.

25. Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that video recordings used in their posts have been properly licensed.



SLG SANDERS · LAW GROUP ·

26. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

27. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

28. Upon information and belief, a number of copyright lawsuits have been filed against Defendant highlighting a pattern of habitual infringement and suggesting Defendant has either failed to rectify systemic issues leading to these Infringement or is willfully neglecting copyright laws.

29. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

30. On or about September 10, 2025, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Video on the Website as part of an on-line post at URL: https://cassiuslife.com/playlist/trump-ice-crackdown-boston-chicago/item/3 ("*Infringement 1*"). Copies of screengrab depicting Infringement 1 is attached hereto as Exhibit 2. (Hereinafter the unauthorized uses set forth above is referred to as the "*Infringement*").

31. The Infringement are exact copies of Plaintiff's original video recording that was directly copied and displayed by Defendant.

32. Upon information and belief, the Video was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Video.

33. The Infringement include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

34. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting,

SLG SANDERS · LAW GROUP ·

commenting on and displaying video recordings including but not limited to Plaintiff's Video.

35. Upon information and belief, Defendant directly contributes to the content posted on the Website by, *inter alia*, directly employing reporters, authors and editors as its agents, including but not limited to Zack Linly whose Defendant Website lists him as a staff writer (the "*Employees*").

36. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they created the Infringement.

37. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they created the Infringement.

38. Upon information and belief, the Video was willfully and volitionally posted to the Website by Defendant.

39. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

40. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

41. Upon information and belief, the Video is readily identifiable as copyright protected as it contains a copyright watermark on the video recording, thereby making Defendant's infringement willful as a matter of law.

42. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website.

43. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

44. Upon information and belief, Defendant monitors the content on its Website.



SLG SANDERS ·LAW GROUP·

45. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

46. Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its business revenues.

47. Upon information and belief, a large number of people have viewed the unlawful copies of the Video on the Website.

48. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

49. Defendant's use of the Video harmed the actual market for the Video.

50. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

51. On March 10, 2026, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

52. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity the parties failed to resolve the instant matter and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

53. Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct.

54. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST COUNT**

***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

55. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

56. The Video is an original, creative work in which Plaintiff owns a valid copyright.

57. The Video is properly registered with the USCO and Plaintiff has complied with



SLG SANDERS · LAW GROUP ·

all statutory formalities under the Copyright Act and under regulations published by the USCO.

58. Plaintiff has not granted Defendant a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

59. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

60. Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringement.

61. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority.

62. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

63. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

64. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

**JURY DEMAND**

65. Plaintiff hereby demands a trial of this action by jury.



SLG SANDERS · LAW GROUP ·

SLG SANDERS · LAW GROUP ·

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Video by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: August 24, 2026

**SANDERS LAW GROUP**

By: *Is/ Craig Sanders*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 138619

*Attorneys for Plaintiff*